PAUL TRAVERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Travers v. Commissioner
Docket No. 10504-81.
United States Tax Court
T.C. Memo 1982-498; 1982 Tax Ct. Memo LEXIS 250; 44 T.C.M. (CCH) 988; T.C.M. (RIA) 82498; August 30, 1982. Paul Travers, pro se. Karen Nicholson Sommers, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was heard on respondent's motion for summary judgment filed February 12, 1982, at San Diego, California, on July 27, 1982. [1] The ground for respondent's motion is that petitioner is collaterally estopped by our decision in a prior case involving the same person who is the petitioner in this case from raising the issue raised in this case. *251 The facts in this case, as agreed to by the parties at the hearing on respondent's motion, show that petitioner is the same individual as the taxpayer in the case of , filed August 27, 1981. That case involved a deficiency in the taxpayer's income tax for the calendar year 1977 resulting solely from respondent's determination that the taxpayer was liable for the tax on self-employment income under section 1401. [2] This Court entered its decision in the case of , on August 31, 1981, and no appeal was taken from that decision. The record here shows that respondent determined a deficiency in petitioner's income tax for the calendar year 1978 in the amount of $484.54, based solely on his determination that petitioner is liable for the tax on self-employment income under section 1401 for the year 1978. The petition filed by petitioner in the instant case alleges the same facts as were alleged by the taxpayer with *252 respect to the taxable year 1977. Respondent by amended answer filed December 31, 1981, affirmatively alleged that petitioner is estopped under the doctrine of collateral estoppel from denying that he is liable for self-employment tax under section 1401 for the year 1978 by reason of the decision of this Court in At the argument on the motion for summary judgment, petitioner stated that there were no factual distinctions with respect to his religious beliefs and religious affiliations for the year 1978 and the year 1977. Petitioner further stated that his position with respect to the year 1978 was that it is unconstitutional to permit certain people who are members of established religions to be exempt from the tax under section 1401 and not permit an individual who is philosophically opposed to public insurance programs, but not a member of any established religion having such beliefs, not to be exempt. This was the same position taken by the taxpayer for 1977 in The record shows that petitioner resided in San Diego, California, at the time of the filing of his petition *253 in this case. For the calendar year 1978, petitioner filed a joint Federal income tax return with his wife reporting salary income of his wife and self-employment income of petitioner as shown on Schedule C attached to the return. Petitioner conceded at the argument on respondent's motion that the facts and the issue in this case are identical to those in , for the year 1977, except that the year here involved is 1978. In , the court stated that when the matter raised in a second suit is identical in all respects with that decided in an earlier proceeding for a different tax year, the taxpayer is collaterally estopped from raising the issue a second time where the controlling facts and applicable legal rules remain unchanged. In the instant case, the situation falls squarely within the doctrine of collateral estoppel as set forth in Petitioner in this case has raised the same constitutional arguments that were raised in the 1977 case, As we pointed out *254 in , where the controlling facts and applicable legal rules have not changed since a prior decision, a taxpayer is collaterally estopped from making the same constitutional arguments as were made in the prior case. In that case, we held that a taxpayer was not collaterally estopped to raise a new constitutional argument not raised in the prior case. However, in the instant case, petitioner is raising only the same constitutional arguments raised in his prior case. We therefore grant respondent's motion for summary judgment in this case. An appropriate order and decision will be entered.
Footnotes
1. The case was originally set for trial on April 26, 1982, at San Diego, California, but the trial session was rescheduled to begin on July 26, 1982. The motion for summary judgment was filed by respondent after the case was set for trial. When the case was called, the Court took respondent's motion for summary judgment under advisement and continued the trial of the case in the event the motion for summary judgment did not dispose of all issues.↩
2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue.↩